# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REGINA G. JACKSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1705 (RWR) |
| | ) | |
| JAMES BILLINGTON,[1] | ) | |
| Librarian, Library of Congress | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant James Billington, Librarian, Library of Congress respectfully moves to dismiss this matter.  As set forth in the accompanying Memorandum of Points and Authorities, Plaintiff's allegations in this case should be dismissed because they fail to state a claim as a matter of law.  Plaintiff failed to timely exhaust her administrative remedies and she cannot meet her burden of proving equitable tolling the limitations period.  Therefore, this matter should be dismissed in its entirety and with prejudice.  A proposed Order consistent with this Motion is attached hereto.


November 29, 2005                    Respectfully submitted,

                                     _/s/_____
                                     KENNETH L. WAINSTEIN, D.C. Bar #451058
                                     United States Attorney

_____

[1]  Although Plaintiff names the Library of Congress as defendant in this case, the only proper defendant in a Title VII action is the head of the agency in which the alleged discriminatory acts occurred.  See 42 U.S.C. § 2000e-16(c); Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); Royal v. Bergland, 478 F.Supp. 75 (D.D.C.), appeal dismissed, 434 U.S. 883 (1977).

_/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
202-514-7220

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REGINA G. JACKSON | ) | |
| | ) | |
|        Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1705 (RWR) |
| | ) | |
| JAMES BILLINGTON,[1] | ) | |
| Librarian, Library of Congress | ) | |
| | ) | |
|        Defendant | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT**
**OF MOTION TO DISMISS**

Plaintiff Regina G. Jackson, pro se in this Title VII case, was terminated from her position as a custodian from the Library of Congress on June 25, 1985 because she was unable to perform the duties of her position, and then more than twenty years later, Plaintiff contacted the Library's Equal Employment Opportunity Complaints Office (EEOCO) to complain. Plaintiff's Complaint in this Court now alleges that she was discriminated against based on her disability when she was terminated from her position. Because Plaintiff failed to timely exhaust her administrative remedies and because Plaintiff cannot demonstrate that Title VII's exhaustion requirements should be waived under the facts of this case, defendant's motion should be granted and this case should be dismissed.

FACTUAL BACKGROUND

On March 3, 1985, the Library proposed Plaintiff's removal from her position of Janitor

_____

[1] Although Plaintiff names the Library of Congress as defendant in this case, the only proper defendant in a Title VII action is the head of the agency in which the alleged discriminatory acts occurred. See 42 U.S.C. § 2000e-16(c); Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); Royal v. Bergland, 478 F.Supp. 75 (D.D.C.), appeal dismissed, 434 U.S. 883 (1977).

because she was found unfit for duty in her present position due to medical reasons and the

Library was unable to identify suitable placement for her due to her reported medical conditions.

See Compl. at 2; see also Pl. Exh. at 1.  After affording Plaintiff an opportunity to respond,

Library Management sustained the proposal to remove Plaintiff from her position and she was

terminated on June 25, 1985.  See Pl. Exh. at 1.

On April 1, 2005, more than twenty years after she was terminated, Plaintiff filed an

informal complaint of discrimination with the Library's EEOCO claiming she was discriminated

against on the basis of her disability when she was terminated from the Library in 1985.  See Pl.

Exh. at 1-2; see also Compl. at 8-9.  After being counseled by the Library's EEOCO, Plaintiff

then filed a formal complaint of discrimination with the Library's EEOCO on April 29, 2005.

See Compl. at 9.  The EEOCO responded to Plaintiff by letter dated May 17, 2005, informing

Plaintiff that the EEOCO could not process her complaint because she failed to timely file her

complaint in accordance with Sections 4A, 4D, 5E and 6E of Library regulation LCR 2010-3.1.

See Pl. Exh.  Thereafter, Plaintiff filed her complaint in this Court.  Docket Entry No. 1.

ARGUMENT

1.     Plaintiff Failed to Timely Exhaust Her Administrative Remedies

By statute, the Librarian of Congress is required to exercise the authority granted to the

Equal Employment Opportunity Commission.  See 42 U.S.C. § 2000e-16(b).  In accordance with

that statute, the Librarian of Congress has promulgated Library of Congress Regulation ("LCR")

2010-3.1, entitled Resolution of Problems, Complaints and Charges of Discrimination in Library

Employment and Staff Relations Under the Equal Employment Opportunity Program (copy

attached hereto as Exhibit A).

-2-

Under Section 4A of LCR 2010-3.1, one who believes that she is being discriminated against must contact the agency's EEOCO "not later than 20 workdays after the date of the alleged discriminatory matter." LCR 2010-3.1 § 4A. Id. Significantly, this regulation requires the complainant to complain within 20 working days of that event, not within 20 days of when she "knew or reasonably should have known" of the event. Section 4B permits the time to be extended only by the Assistant Chief, and then only if "the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits." LCR 2010-3.1 § 4B. See id. As such, a complaint that the Library engaged in discrimination is untimely unless the complainant consults with an EEO counselor at the Library within the 20-day period. Cf. Howard v. Evans, 193 F. Supp. 2d 221, 228 (D.D.C. 2002), citing Brown v. Gen. Serv. Admin., 425 U.S. 820, 833-35 (1976) ("a federal employee may assert a Title VII complaint in court only after a timely complaint has been presented administratively to the agency involved.").

The record demonstrates that Plaintiff did not consult an EEO counselor at the Library within the 20-day period. In fact, Plaintiff missed the deadline for timely filing an EEO complaint with the Library's EEOCO by more than two decades. See Pl. Exh. at 1-2. She therefore failed to timely exhaust her administrative remedies and this case should be dismissed.

2.    Plaintiff Cannot Meet Her Burden of Showing That Her Failure to Timely Exhaust Her Administrative Remedies Should Be Equitably Tolled

To cure the fact that she failed to timely exhaust her administrative remedies, Plaintiff may attempt to argue that the twenty day time limit should be waived. However, because this case falls far short from presenting the type of extraordinary circumstances in which a waiver has

been permitted, defendant's motion to dismiss should be granted.

Under D.C. Circuit caselaw, the administrative filing requirement is not a jurisdictional prerequisite to a suit in federal court, and is, therefore subject to equitable tolling. See Washington v. Washington Metropolitan Area Transit Authority, 160 F. 3d 750, 752 (D.C. Cir. 1998). Equitable tolling is only available in "extraordinary and carefully instances." Smith-Haynie v. District of Columbia, 155 F. 3d 575, 579-80 (D.C. Cir. 1998); see also Mondy v. Secretary of the Army, 845 F. 2d 1051, 1057 (D.C. Cir. 1988). A plaintiff will not be afforded extra time to file an administrative claim without exercising due diligence, and any excuse presented by the plaintiff must generally be more than a "garden variety claim of excusable neglect." Irwin v. Department of Veteran Affairs. As the Supreme Court has noted:

> [W]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. 89, 96 (1990) (footnotes omitted). Thus, equitable principles favor tolling where, for example, a defendant engaged in "affirmative misconduct," Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984), or "misled [a plaintiff] about the running of a limitations period." Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997).

Plaintiff bears the burden of pleading and proving equitable reasons for tolling the limitations period. Bayer v. United States Department of Treasury, 956 F. 2d 330, 333 (D.C. Cir. 1992) (holding that Title VII plaintiff bears the burden of establishing his entitlement to equitable tolling). See Saltz v. Lehman, 672 F. 2d 207, 209 (D.C. Cir. 1982); Baker v. Henderson. 150 F.

-4-

Supp. 2d 17, 21 (D.D.C. 2001).

Plaintiff does not allege, not can she demonstrate, that the Library engaged in affirmative misconduct or misled her about the running of the statutory period. See generally Compl. Plaintiff's failure to timely contact the EEOCO is due solely to her failure to exercise due diligence here. She waited more than twenty years before consulting with the Library's EEOCO knowing full well during the twenty year period that she had been terminated from the Library. Plaintiff offers no explanation for the twenty-year delay in contacting the EEOCO at the Library. Furthermore, Plaintiff makes no effort to demonstrate that she diligently pursued the matter, and nothing suggests – much less establishes – that her failure to timely initiate her claim was due to "circumstances beyond [her] control." LCR 2010-3.1 4B. In short, Plaintiff is incapable of marshaling facts to demonstrate that this case is one of the few extraordinary cases warranting tolling of the twenty-day requirement. Thus, Plaintiff cannot meet her burden of proving equitable reasons for tolling the limitations period. See Bayer, 956 F. 2d at 333.

To allow equitable tolling under the facts of this case would eviscerate the requirement that an alleged victim of discrimination timely contact the EEO. In sum, because Plaintiff failed to timely exhaust her administrative remedies, and because this case does not present extraordinary circumstances justifying Plaintiff's twenty-year delay in contacting the Library's EEOCO, Defendant's motion should be granted.

<u>CONCLUSION</u>

Based on the foregoing reasons, and any which may be presented in Defendant's reply brief, Defendant's motion should be granted and this matter should be dismissed with prejudice.

November 29, 2005                           Respectfully submitted,


                                            _/s/_____
                                            KENNETH L. WAINSTEIN, D.C. Bar #451058
                                            United States Attorney


                                            _/s/_____
                                            R. CRAIG LAWRENCE, D.C. Bar #171538
                                            Assistant United States Attorney


                                            _/s/_____
                                            MEGAN L. ROSE, N.C. Bar # 28639
                                            Assistant United States Attorney
                                            Civil Division
                                            555 4th Street, N.W.
                                            Washington, D.C. 20530
                                            202-514-7220

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff by depositing a

copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **REGINA G.  JACKSON**
> **3010 Hewitt Avenue**
> **Apt. # 275**
> **Silver Spring, MD 20906**

on this  29th   day of November, 2005.


_____

MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530