RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
DEC 27 PM 1:29
NANCY M.
MAYER-WHITTINGTON
CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

REGINA G. JACKSON

Plaintiff

v.

JAMES BILLINGTON,
Librarian, Library of Congress

Defendant

Civil Action
No. 05-1705 (RWR)

## PLAINTIFFS OBJECTION TO MOTION FOR DISMISSAL

Plaintiff I Regina G. Jackson pro se am force to do case # 05-1705 because of conspiracy against this case.

I Regina G Jackson pro se am asking the court to deny the motion of dismissal.

RECEIVED
DEC 27 2005
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Asked by Megan Rose, assistant U.S. attorney. The court will be reminded that exhibits will show that Regina G. Jackson was not the one who violated the time period that was given under the LCR. Therefore this matter of dismissal should be denied. Attached is proof of the action that Regina G. Jackson did in fact followed the rules as set forth under the LCR. Consistent with this motion a memorandum and letters will support the violations that took place.

December 27, 2005

Respectfully submitted
Regina G. Jackson
REGINA G. JACKSON
pro se

2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINA G. JACKSON

    Plaintiff

V.

JAMES BILLINGTON,
Librarian, Library of Congress

    Defendant

Civil Action
No. 05-1705 (RWR)

PLAINTIFF'S LETTERS AND MEMORANDUM
IN SUPPORT OF MOTION TO DENY
DISMISSAL

I Regina G. Jackson, pro se was terminated from the library of congress as stated but the termination was not done as set forth in the LCR. That is the reason why Regina

3.

G. Jackson pro se am asking and pleading that the motion to dismiss be denied

## FACTUAL BACKGROUND

On March 6, 1985 the library proposed Plaintiffs removal from her position as Janitor because she was found unfit for duty due to a job injury at the library of Congress, but the library fails to tell, that was not all. Regina G. Jackson was on leave without pay approved by Ralph L. Adams Personnel Operations Officer. Letters will show that March 6, 1985 was covered with approved leave and the action taken against Regina G. Jackson was infact a violation in the Personnel and labor relations office as stated in letter dated December 19, 1984 and February 25, 1985. paragraph 2.

4.

I Regina G. Jackson was never given the full opportunity to respond because the library didn't wait until the approved leave had expired the library did in fact started to fire Ms Regina G. Jackson before the leave time was up. The two leave approved letters will show that the violation falls in the lap of the library of Congress not with Regina G. Jackson as stated in U.S. Attorney assistant Megan Rose factual background.

Also I Regina G. Jackson was told by EEOCO at the library of congress in writing by mail that I Regina G. Jackson

5.

had 90 days to file in court a civil action against the library of Congress. Dr. Ricardo H. Grijalva chief, EEOCO at the library of Congress told me Regina G. Jackson that my case fall under the 1964 law for discrimination. and Dr Ricardo H. Grijalva also inform me Regina G. Jackson, of his background being in a gang. Dr Ricardo H. Grijalva cheif of EEOCO ask me Regina G. Jackson to walk away from this case, and Dr. Ricardo H. Grijalva said he's been shot, stabbed and turn his life around so can you Regina Jackson, Dr Ricardo

6.

said leave this case alone get on with your life. I Regina G. Jackson felt fear after a statement like that from Dr. Ricardo H. Grijalva cheif of EEOCO at the library of Congress so I Regina G. Jackson wrote a letter to United States Senator Barbara A. Mikulski, asking for help again because Senator Mikulski open Regina G. Jackson case for allegations of being fired from the library of Congress while on worker's compensation. In Sept. 1993 two employers at the library of congress told lies to the Dept. of Labor saying the library was close, that statement came from library

7.

of Congress, compensation program manager Valerie B. Grasso, the other statement that came from day labor force supervisor, Mr. Elmer Smith at the library of Congress said that I Regina G. Jackson has grossly exaggerated about the amount of lifting that was required of a janitorial staff those two statements made it impossible for my, Regina G. Jackson worker's compensation to be reinstated with the dept of Labor. So as of March 6, 1993 I Regina G Jackson has been without that income, enclosed are two statements, one affidavit from Mr. Howard R.L. Cook saying the library

of Congress first open in 1897 and was fully operational in 1983, time of Regina G. Jackson injury at the library of Congress, and other statement from former co-worker Laura C. Price saying the job description was lifting trash up to 44 lbs. which was recorded by dept of labor workers compensation hearing dated March 10, 1987, those two statements dates are May 14, 2003 and May 24, 2005, are enclosed.

## ARGUMENT

1. Plaintiff Regina G. Jackson did not fail to timely exhaust the Administrative Remedies under the section 4A of LCR 2010-3.1

9.

I Regina G. Jackson am asking that the motion to dismiss this case be denied on the grounds that the burden of proof was met. 13 exhibits were given to the court Sept. 16, 2005, #3 exhibit is a letter dated October 11, 1984 from Lloyd A. Pauls, assistant chief EEOC O at the library of Congress, the letter states that Ms Jackson filed discrimination with EEOC office Feb. 22, 1983, But it took the library of Congress EEOC office until October 11, 1984 befor the complaint was open for investigation, that act did not

10.

describe the LCR 2010-3.1 p.1 Section 2. Policy. Let the court note that another violation took place was exhibit No. 7 letters dated Dece 19, 1985 and February 25, 1985 from personnel and labor Relation office sign by Ralph L. Adams Personnel Operations officer. Approved leave was the topic, the dates were from 11/28/84 - 2/27/85 and 2/28/85 - 5/27/85.

The second paragraph of the Personnel and Labor Relation letter said quote: It is our obligation to inform you that in the event you do not elect to request an extension of leave and you are unable to return to work

11.

personnel procedures will be initiated for your separation from the library staff on the expiration of this approved leave, end of quote. Exhibit No. 5 dated 3/6/85 sign by Gerald J. Garvey, Division chief/office Head:

Notice of Proposed adverse action (in accordance with LCR 2020-3)

Let the court note that the action of removal was not in order under the provision of the LCR Personnel and Labor Relations office.

2. <u>Plaintiff Have Met the Burden of proof</u>

Showing that Regina G. Jackson did what was required of her under the codes set forth in the LCR.

Plaintiff, I Regina G. Jackson can demonstrate that the library of congress did engaged in misconduct over the years time after, time after time. That Regina G. Jackson did report the discrimination February 9, 1983 to EEO Counselor Christina C. Zirps EEOCO gave a notice of final interview and right to file a complaint which was done February 22, 1983. There was not a twenty-year delay in contacting the library of congress EEOCO.

13.

By the Plaintiff Regina G. Jackson pro se the complaints against the library of Congress for discrimination and other violation did engaged in affirmative misconduct and failed to follow the guide lines of LCR, due to those violation, Regina G. Jackson pro se am asking if any tolling was done that for medical reason's because of prescription drugs percoset, percodan, anaprox and darvoset that was prescribe by Dr. Harry A. Schumann for the job injury that Regina G. Jackson substain while working at the library of Congress should be allowed as stated,

14.

to over ride, because of the extraordinary circumstances.

Because of all the proof before you I Regina G. Jackson pro se am pleading to the court to deny the motion of dismissal, and a Plead to the court to settle in favor of plaintiff Regina G. Jackson

## Conclusion

Base on the foregoing reasons Plaintiff motion to settle should be granted and defendant motion to dismiss be denied.

15.

I Regina G. Jackson pro se am asking that this case #05-1705 RWR be settle in favor of plaintiff Regina G. Jackson on the terms set before the court, 8 million dollars in damages and pay lost, plus over 12 years of workermans compensation since March 6, 1993 plus health insurance and retirement disability released since Jan. 1997.

Dec 27, 2005

Sincerely
Regina G. Jackson Pro se

Regina G. Jackson
3010 Hewitt Ave
Apt. 275
Silver Spring md
20906
(301) 460-2389

a copy of this motion will be mailed to the Assistant U.S. Attorney Megan Rose
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington DC 20530
Dec 27, 2005

Civil Action
No. 05-1705 (RWR)

31 documents enclose

17.