

**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540-2120

EQUAL EMPLOYMENT OPPORTUNITY
COMPLAINTS OFFICE

April 21, 2005

Dear Ms. Jackson:

    This letter constitutes the final counseling interview regarding your April 1, 2005 informal equal employment opportunity (EEO) discrimination complaint (EEO #05-67). Since your concerns have not been resolved to your satisfaction, you may now file a formal complaint if you still believe you have been discriminated against based on race, color, religion, sex, national origin, age, physical or mental disability, sexual harassment or subjected to reprisal actions.

    Your formal complaint of discrimination must be in writing, on the proper form (458), and filed with the Assistant Chief, Equal Employment Opportunity Complaints Office, LM-626, Library of Congress, 101 Independence Avenue, S.E., Washington, D.C. 20540-2120 <u>not later than ten (10) workdays after receipt of this notice</u>. Your complaint, whether filed by you or your representative(s), must be signed by you as complainant.

    I am enclosing a copy of LCR 2010-3.1 so you may be thoroughly familiar with your rights under this program and two Complaint of Discrimination forms. Additional forms are available at the Equal Employment Opportunity Complaints Office (above address).

    If you have any questions, please feel free to call me at (202) 707-6024 or write to the above address.

Sincerely,

*Thelma I. S. Brown*

Thelma I.S. Brown
Acting EEO Counselor
Equal Employment Opportunity
  Complaints Office
Office of Workforce Diversity

Enclosures

Ms. Regina Jackson
3010 Hewitt Avenue, #275
Silver Spring, Maryland 20906

Forwarded via Regular and Registered Mail on April 21, 2005; Return Receipt Requested.

3.



United States
**Office of Personnel Management**
SEP 3 - 1985

Washington, D.C. 20415

In Reply, Refer To

Your Reference

REGINA G JACKSON         CSA-2 802 750

1225 SOUTHVIEW CR T
OXON HILL MD      20745

Dear Ms Jackson:

This is in reference to your application for disability retirement.

To ensure that the documentation of your medical condition is complete and up-to-date for final processing of your application for disability retirement, we ask that you request your physician or treating medical facility to provide the following information. This information should be readily available in records of your treatment and examinations. Therefore, OPM will not authorize government payment for this information.

> We need an updated, detailed medical examination with special emphasis on Orthopedic and Psychiatric evaluation, including response to treatment, current Diagnosis, and Prognosis.

Please give this letter to your physician or treating medical facility immediately with instructions that the requested information is to be forwarded to OPM within 30 days of receipt of this letter. If we do not hear from you or your physician within that time period, OPM will render a decision based on the documentation in the file.

Sincerely,

Frances R. Fountain

For Elizabeth I. Meader, Chief
Initial Claims Branch
Disability and Special
Entitlements Division

cc:
Employing Agency

4.

CON 116

Standard Form 2805
(Rev. 4-80)

Office of Personnel Management
Retirement and Insurance Programs
Washington, D.C. 20415

Office of Personnel Management
FPM Supplement 831.1

# REQUEST FOR RECOVERY OF DEBT DUE THE UNITED STATES
(Civil Service Retirement System)

| Name of Former Employee | Social Security Number | Date of Birth |
|---|---|---|
| Jackson, Regina Gale | 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 | 03 11/30/55 |

| Date of Termination of Service | Amount of Indebtedness |
|---|---|
| June 26, 1985 | $ 1,722.80 |

| Department or Establishment | Location of Employment |
|---|---|
| Library of Congress | Washington, D.C. 20540 |

Reason for Indebtedness:
Overdrawn Annual and Sick Leave

Appropriation and/or Fund (Title and Symbol Number)
0350101.10.01                     11.1

Disbursing Officer (Name and Symbol Number)
Edwin M. Krintz                   6192

In order to liquidate an indebtedness to the United States, it is requested that the gross amount of the debt as shown be set off against the individual account in the Civil Service Retirement and Disability Fund of the former employee named herein. The individual retirement record, Standard Form 2806, of the former employee is (is not) attached.

When action has been completed, check should be forwarded to:

☐ (1) Disbursing Officer      OPF
☐ (2) Library of Congress    1 of 6
☒ (3) Washington, D.C. 20540

I further certify that the employee has been given due process in compliance with the Federal Claims Collection Standards. The employee consented to the offset.

I hereby certify that the indebtedness identified above is properly due the United States (liquidated or certain in amount, if feasible), that all other means of recovery have been exhausted, and that the individual from whom the collection is sought has been given an opportunity for reconsideration of the collection, including waiver and/or compromise as applicable, before this request was made.

Signature of Certifying Officer
_Gloria Garrett_

Title
_[illegible] Supervisor_

Date  7/19/85

Telephone No. (With Area Code)
202-287-5796

NOTE TO AGENCY.—The address shown above should be that of the office designated by the employing agency to receive evidence of the liquidation of the debt.

_Gloria Garrett_

## OFFICE OF PERSONNEL MANAGEMENT
### REPORT OF ACTION ON REQUEST FOR RECOVERY

**Part 1 – To Office of Personnel Management**

☒ Retirement account is available for immediate set-off.  You will be notified when recovery has been completed. _W [initials] 1/6/86_

☐ Retirement deductions for last known period of service have been refunded.  Both copies of request are returned.

☐ Retirement account for last known period of service has not been received in the Office of Personnel Management.  Request for recovery has been indexed and filed for possible future action.

☐ Debtor has not filed an application for benefits.  Request for recovery has been indexed and filed for possible future action.

☐ The amount of indebtedness is less than $25.00.  Both copies of request are returned and set-off will not be made because the cost of recovery would exceed the amount of indebtedness.

☐ Debtor has no amount to his credit in the Retirement Fund.  Both copies of request are returned.

☐ We are unable to identify the debtor from the data furnished.  If you will fill in the date of birth and return both copies of the request, another attempt will be made.

☐ Data you have furnished indicates that debtor is now an employee, and there is no showing that attempts to recover through employing agency have been exhausted.  Both copies of request are returned.

☐ Other (Specify)

Civil Service
Retirement System

Previous Editions Not Usable

2805-105   7540-00-634-4254

Examiner

5.

# INDIVIDUAL RETIREMENT RECORD
(CIVIL SERVICE RETIREMENT SYSTEM)

| LAST NAME | FIRST NAME | MIDDLE NAME | DATE OF BIRTH | | | SOC. SEC. NO. | AGENCY | PAYROLL OFFICE | LOCATION | PAYROLL OFFICE NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | MO. | DAY | YR. | | | | | |
| JACKSON | REGINA | Gale | 11 | 03 | 55 | 578 76 2274 | L. of C. | | WASHINGTON, DC | 03-00-0001 |

(RECORD EACH NAME CHANGE - STRIKE OUT PREVIOUS NAME)

1. _DcD. Gale_ 2/1/85  M.Gale 710
2.
3.
4.

## SERVICE HISTORY

| EFFECTIVE DATE (1) | ACTION (2) | BASE PAY (3) | DO NOT USE | REMARKS (4) |
|---|---|---|---|---|
| 6/14/85 | App for Dis Ret Exec. | 7.30 | | WG 1-5 |
| 6/24/85 | REMOVAL | 7.30 | | WG 1/5 |

REFUNDED TO YOU    GOVERNMENT CLAIM

6 $733.90
$4333.34
$4333.34

Gross 10,385
10/14/86
Gross 10,385

REFUND AUTHORIZED
Payment Code — 5 Tax Code — 4
G.O. Withhold —
Tax Withhold —
Deductions 14,050
Interest 1,722.60
Payment 720.66
Reviewer _[sig]_

REFUND 10-7-86
CUSA 1-10-86

## FISCAL RECORD

| CALENDAR YEAR (5) | SALARY DEDUCTIONS (6) | ACCUMULATIVE TOTAL SALARY DEDUCTIONS (7) | REMARKS (8) |
|---|---|---|---|
| July 16, 1985 | | | Report of deductions through 6/14/85 Submitted with SF 2807 CSC 85-18 Dated 6/18/85. CSC 85-23 |

_[signature]_ PAYROLL SUPERVISOR

DEDUCTIONS AND SERVICE CERTIFIED CORRECT.

Standard Form 2806 Previous edition usable
Rev. 2-80 2806-107 NSN 7540-00-634-4255
U.S. OFFICE OF PERSONNEL MANAGEMENT
F.P.M. SUPPLEMENT 831-1

6.



United States
**Office of
Personnel Management**

Retirement Operations Center
PO Box 45
Boyers, Pennsylvania 16017

Regina G Jackson
9334 Edmonston Rd   Apt 303
Greenbelt MD 20770

December 6, 2000
CSA 2 802 750

Dear Regina:

This is in reply to your recent inquiry.

According to our records, you requested that we withdraw your disability annuity application. This was done on 09-19-1985 per your telephone request. In September of 1985, you submitted an Application for a Refund of your Retirement Contributions. This check was authorized to you in October, 1985. By accepting this refund, it terminated all future benefits to an annuity at age 62.

I am sorry that I could not have given you a more favorable reply.

If our office can be of further assistance, please contact us again.

Sincerely,

Marilyn R Smith
Benefit Specialist
1-888-767-6738

7

**U.S. Department of Labor**

Employment Standards Administration
Office of Workers' Compensation Programs
Division of Federal Employees' Compensation
Washington, D.C. 20210

File Number:    A50-20147

OCT - 4 1984

Regina G. Jackson
1225 Southview Drive #T
Oxon Hill, Maryland   20745

Dear Ms. Jackson:

This has reference to your letter dated September 11, 1984, addressed to the President.

On September 11, 1984, you called this Office and were informed that there is no claim on file for compensation as you used sick leave for your absence, returning to duty on March 21, 1983.

You were advised to submit addditional medical evidence to support any absence from work after March 21, 1983. You were paid continuation of pay for the periods February 28, 1983 through March 4, 1983 and March 9, 1983 through March 18, 1983, respectively. Your claim was accepted for costochondritis. Your file shows that you had another absence on July 13 through July 18, 1983, and continuation of pay was given for that period. You were given a fitness for duty examination and were told you could return to light duty with no lifting over lbs., but your agency has no light duty available.

This Office has contacted Ms. Susan Johannsen, Library of Congress, who will be forwarding a Form CA-7 "Claim for Compensation on Account of Traumatic Injury" for the period September 20, 1983 through November 11, 1983. You are to complete and sign the top sheet of that form. Your physician must send supporting detailed medical evidence to support the absence shown on this form.

Compensation can only be paid to an employee when the physician states that the claimant is not fit for duty. If you wish to file for the period starting January 30, 1984, again your physician must submit detailed medical evidence to support the absence. You may obtain a Form CA-8 "Claim for Continuing Compensation on Account of Disability" from your agency.

8.

April 8, 1983

Mrs. Helen M. Newton
Janitor, Forman
Buildings Services Section
Library of Congress
Washington D.C. 20540

Dear Mrs. Newton:

    This letter is in response to your memorandum, dated March 30, 1983. Your memorandum was entitled, "Memorandum of Counseling-Performance". Your memorandum is totally lacking in truth and reflects your behavior of the last three months or so. It appears to me that your behavior has it's orgin in envy or jeolously of me for some personal reason. The truth of what happen on Thursday night, March 24, 1983, was that you brought me a vacuum cleaner and you attemped to vacuum a portion of the floor and discovered that the vacuum cleaner was not picking up. You then left without telling me what you were going to do, so I assumed that you were going to get a replacement vacuum cleaner. I waited for approximately 30 minutes and you did not return. Since I was lefted with no instructions, I had to make an independent decision, not to simply stand around. It was my judement that I should do some alternate work, which involved pulling the trash on the first floor. Your memorandum indicates that you brought the vacuum cleaner at 11:30 pm and did not return until 12:30 am. You did not question me about my whereabouts because I explained to you that I had pulled the trash on the first floor as an alternate rather than to simply wait for instructions relating to the vacuum cleaner. Your claim that I used abusive and profane language is not the truth. There was no need to use abusive or profane language because I understood that there was a mechanical problem with the vacuum cleaner.

    Your memorandum is misdirected, because professional supervision does not dictate a warning or a charge of lack of job performance in this instance. There was no refuseal to follow your instructions and therefore no insubordination could have occurred. The claim of insubordination on your part is a callous dropping of a serious charge, premeditated with the intent of doing me the most harm possible. The fact is I did vacuum the floor, and washed the baseboard. The vacuuming of the floor and the washing of the baseboard occurred after I had learned what the situation was with the vacuum cleaner.

9.

   Vacuuming the floor and washing the baseboard were parts of my general tour of duty and were not assigned to have been done at any specific time. All of us know that the President of the United States visited the Library of Congress on the Night of March 24, 1983. It is common knowledge that when the President of the United States visits the Library of Congress, certain areas of the Library of Congress are locked and block off, causing delays. This is done because there is a need to protect the safety of the president. The last sentence in your letter was a threat to immeditely charge me AWOL for any future unauthorized absences from my job site. This threat demonstrates your extreme conduct when dealing with me. Your know as well as I do that my work site covers a wide area and is not confined to any one specific site. Should I remain in a specific site then I could not perform the duties of my position.

   Other examples of your not telling the truth are indicated in your statements on a CA-1 form, and a CA-4 form relating to me. In the CA-1 form you wrote a statement claiming that you did not know about the problem until March 16, 1983, yet you signed the form on March 11, 1983, and on the CA-4 form you state that you were not informed of the injury until the employee returned to work on March 21, 1983, yet you had signe the CA-1 form on March 11, 1983. The CA-1 form was the first report of the injury.

                                                  Sincerely,

                                                  Regina Jackson

Inclosures: 3
cc: Mr. Glen A. Zimmerman

10.

**Injured Worker's Rehabilitation Status Report**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

| 1. Injured Worker's Name *(First, Middle, Last)* | 2. Date of Injury | 3. Carrier's No. *(LHWCA)* | 4. OWCP No. |
|---|---|---|---|
| Regina C. Jackson | 02/25/83 | | A50-28147 |

5. Check the injured worker's status and status dates. Check special information when required by the status, for closures and as appropriate. Justify each status change or extension in the comments section.

**STATUS**  From 02/18/88  To 05/30/88

**REFERRAL**
- ☐ Early (Check a)
- ☒ Other (Check a)
- ☐ Initial Interview Held By OWCP Rehabilitation Specialist (Check d)

**SPECIAL INFORMATION**
- ☒ a. Date compensation file screened  02/18/88
- ☐ b. Date OWCP-6 or 13 sent
- ☐ c. Date OWCP-10 or 11 sent
- ☐ d. Date of initial interview by RS
- ☐ e. Other (See Comments)

**ACTIVE**
- ☐ Plan Development (Check a or b and c)
- ☐ Medical Rehabilitation
- ☐ Training (Check d, e, or f)
- ☐ Self-Employment
- ☐ Placement-New Employer
- ☐ Placement-Previous Employer
- ☐ Employed (Check g)
- ☐ Service Interrupted
- ☐ Post-Employment Service

- ☐ a. Testing required (☐ Yes   ☐ No)
- ☐ b. Testing Waived (See Comments)
- ☐ c. Work evaluation required (☐ Yes   ☐ No)
- ☐ d. Pre-vocational training
- ☐ e. Vocational Training
- ☐ f. On-the-job training
- ☐ g. Date employed _____ (See Comments)
- ☐ h. Reopened (See Comments)
- ☐ i. Other (See Comments)

**CLOSED**
- ☐ Referral
- ☐ Other
- ☐ Post-Employment

- ☐ a. Returned to work
- ☐ b. No permanent disability
- ☐ c. Compensation terminated
- ☐ d. No change since last referral
- ☐ e. Did not respond to letters
- ☐ f. Not interested
- ☐ g. Refused services
- ☐ h. Limited vocational abilities
- ☐ i. Poor job market
- ☐ j. Refused to cooperate
- ☐ k. Job offer declined
- ☐ l. Settled case
- ☐ m. Chose retirement
- ☐ n. Transferred (To _____)
- ☐ o. Other (See Comments)

6. Vocational Rehabilitation Counselor *(Complete item 6a when referring to a new VRC)*

a. Name

b. Professional hours approved for the status *(See item 5)*

c. The VRC's proposed status is ☐ Accepted   ☐ Modified   ☐ Rejected   *(See Comments)*

7. Comments: In an effort to identify early vocational rehabilitation referrals from the current computer generated log, I have screened the file for rehabilitation. There are no current medical reports in file to indicate a feasibility for vocational rehabilitation or work capacity information. I will maintain the file in a pending status until medical issues and the feasibility for vocational rehabilitation are clarified.

cc: Regina Jackson
    Lib of Congress
    Comp File
    Comp File

| 8. OWCP Rehabilitation Specialist | 9. Telephone No. | 10. Date |
|---|---|---|
| SHEILA M. HACKETT | (202) 724-0705 | March 18, 1988 |

Copy Distribution:  WHITE — Carrier/Employer   GOLDENROD — Worker/Attorney   PINK — Dist. R-File
CANARY — Comp. File   GREEN — VR Counselor   BLUE — Nat. R-File

Form OWCP-3
Rev. March 1984

U.S. GOVERNMENT PRINTING OFFICE-1984-421-499/2012

U.S. Department of Labor

December 31, 1990

Employment Standards Administration
Office of Workers' Compensation Programs
Division of Federal Employees' Compensation
1100 L Street N.W., Room 9404
Washington, D.C. 20210



Mrs. Regina G. Jackson
6301 Carrington Court
Capitol Heights, Maryland  20743

File Number: A50-20147
DOI: February 28, 1983

25

This letter is in reference to your claim for benefits under the Federal Employees' Compensation Act (FECA).

In order that this Office may resolve a conflict in medical opinion existing in your case, arrangements have been made for you to be examined by the physician named below at the date and time shown. This physician will perform an impartial medical evaluation.

This referral to a medical specialist is being made under the provisions of section 8123 of the FECA. Under this section, if an employee refuses to submit to or obstructs an examination required by the Office of Workers' Compensation Programs, the employee's right to compensation under the FECA shall be suspended until the refusals or obstruction stops. Compensation is not payable while a refusal or obstruction continues, and the period of the refusal or obstruction is deducted from the period for which compensation is payable. Therefore, it is important that you keep the scheduled appointment. If you cannot keep this appointment, you should contact this Office immediately.

You may claim reimbursement for necessary travel expenses incurred as a result of the appointment by submitting the enclosed SF 1012 and 1012a Travel Voucher, with receipts. The cost of the examination will be paid directly by this Office.

Sincerely,

ROSA M. JONES
Medical Management Assistant

PHYSICIAN OR ESTABLISHMENT:

Vincent H. Bono, M.D. (Psychiatrist)
6192 Oxon Hill Road
Suite 506
Oxon Hill, Maryland  20745

Date & Time: January 16, 1991 at _____ 1'O Clock P.M

NOTE: FAILURE TO KEEP SCHEDULED APPT. WITHOUT SUFFICIENT REASONS WHICH MUST BE SUPPLIED IN WRITING PRIOR TO DATE OF APPT. WILL RESULT IN SUSPENSION OF COMPENSATION ENTITLEMENT UNTIL THE REFUSAL STOPS.

TELEPHONE NUMBER:

301-567-7074

cc:
OS
File

*I was not out of work because I was crazy. it was because of costochondritis.*

*This was the Last Doctor that Dept. of Labor had me to*

12.

UNITED STATES GOVERNMENT

# Memorandum

LIBRARY OF CONGRESS

TO : Regina G. Jackson
     Janitor, LJ Night Force
     Building Services Division

FROM : Christina C. Zirps
     EEO Counselor, Equal Employment
       Opportunity Complaints Office

SUBJECT: NOTICE OF FINAL INTERVIEW AND RIGHT TO FILE A COMPLAINT

DATE: February 9, 1983

This is notice that on the above date, I conducted the final counseling interview in connection with the matter you presented to the Equal Employment Opportunity Compliance Office. Since the matter has not been resolved to your satisfaction, you may now file a complaint if you still believe you have been discriminated against on the basis of race, color, religion, sex, national origin, age, physical or mental handicap, or sexual harassment.

Your complaint of discrimination must be in writing, on the proper form (16-5a), and filed with the Coordinator, Equal Employment Opportunity Compliance Office, LJ G-161, Library of Congress, Washington, D.C. 20540 <u>not later than ten (10) workdays after receipt of this notice</u>. Your complaint, whether filed by you or by your representative(s), must be signed by you as complainant.

I am attaching a copy of LCR 2010-3.1 so that you may be thoroughly familiar with your rights under this program and a Complaint of Discrimination form. Additional forms are available at the Equal Employment Opportunity Compliance Office (above address).

Attachments

16-3 (rev 6/81)


# TAbLE oF CoNtents

The list of names with their title "Congress"

Presidents
Mr. Reagan
Mr. Bush
Mr. Clinton and Mrs Clinton
Mr. Bush

Senators
Paul Sarbanes
Barbara Mikulski
Leo Green
Hillary Rodham Clinton

House of Representatives
Steny H. Hoyer
Bob Etheridge
Eleanor Holmes Norton
Constance A. Morella
Chris Van Hollen

D.C. Mayor A. William and his attorney Hyong Yi

13,