UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA G. JACKSON )<br>)<br>　Plaintiff )<br>)<br>v. )<br>)<br>JAMES BILLINGTON,[1] )<br>Librarian, Library of Congress )<br>)<br>　Defendant )<br>_____) | Civil Action No. 05-1705 (RWR) |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant James Billington, Librarian, Library of Congress, by and through undersigned counsel, respectfully submits this Reply in support of Defendant's Motion To Dismiss.

### INTRODUCTION

Plaintiff Regina G. Jackson, *pro se*, brought the above-captioned action, alleging that Defendant wrongfully terminated her from her position as a custodian at the Library of Congress on June 25, 1985.[2] Plaintiff's complaint seeks damages in the amount of $8 million, workers' compensation, health insurance, and disability retirement. Compl. at 11; Pl. Opp. at 16.

On November 29, 2005, Defendant moved to dismiss Plaintiff's claims and Plaintiff has

---

[1] Although Plaintiff names the Library of Congress as the defendant in this case, the only proper defendant in a Title VII action is the head of the agency in which the alleged discriminatory acts occurred. See 42 U.S.C. § 2000e-16(c); Hackley v. Roudebush, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975); Royal v. Bergland, 478 F.Supp. 75 (D.D.C.), appeal dismissed, 434 U.S. 883 (1977).

[2] Defendant notes that although Plaintiff's complaint in this Court does not specifically state the basis for her claims, Plaintiff's complaint of discrimination with the Library's Equal Employment Opportunity Complaints Office (EEOCO) claimed that she was discriminated against on the basis of her disability when she was terminated from the Library in 1985. See Compl.; Pl. Exh. at 1-2.

responded to this motion. However, nothing in Plaintiff's response remedies Plaintiff's failure to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below and in its Motion To Dismiss, Defendant respectfully requests that Plaintiff's claims be dismissed.

## ARGUMENT

Plaintiff's complaint fails to articulate any cognizable claim against Defendant. Nothing in Plaintiff's opposition refutes that Plaintiff failed to timely exhaust her administrative remedies as to her claims here and that Plaintiff failed to meet her burden of showing that her failure to timely exhaust her administrative remedies should be equitably tolled. To the extent that Plaintiff's opposition attempts to challenge any aspect of Defendant's processing of her EEOCO claims, Plaintiff similarly fails to state a claim upon which relief could be granted and her claims should be dismissed.[3]

### I. Plaintiff Failed To Properly Exhaust Her Claims Concerning Her Termination In 1985.

As set forth in Defendant's Motion, pursuant to 42 U.S.C. § 2000e-16(b) and LCR 2010-3.1 § 4A, a complainant who believes that she is being discriminated against must contact the Library's EEOCO within 20 working days of the alleged discriminatory matter. The time may be extended only by the Assistant Chief, and then only if "the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits." LCR 2010-3.1 § 4B. The face of Plaintiff's Complaint demonstrates that she did not consult an EEO counselor at the Library within 20 working days of June 25, 1985. See Compl. at 5, 9. In

---

[3] Defendant notes that any of Plaintiff's additional claims which could possibly be construed in her complaint or opposition are also barred by the statute of limitations. See, e.g., 28 U.S.C. § 2401(setting forth a general 6-year statute of limitations for damages actions brought against the Federal Government).

fact, Plaintiff failed to file an EEO complaint concerning her termination until April 1, 2005. See Pl. Exh. at 1-2. Therefore, Plaintiff clearly failed to timely exhaust her administrative remedies.

Plaintiff's complaint and opposition simply relay factual and procedural history related to her employment with Defendant, which ended with her termination in 1985. See Compl. Plaintiff's opposition fails to dispute the fact that she did not complain to the Library's EEO office concerning her termination until more than twenty years after the alleged discriminatory act. Accordingly, Defendant's motion to dismiss based on the merits of the complaint is unopposed and should be granted. See, e.g., Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

Plaintiff's opposition attempts to dispute Defendant's exhaustion argument only by contending that she contacted the EEO office in 1983, when she apparently complained of discrimination on the basis of "race, color, and sexual harassment." Pl. Opp. at 10 and attached Exh. However, any previous complaints concerning other claims which Plaintiff may have made against Defendant fail to properly exhaust her claim in this matter that she was discriminated against on the basis of her disability when she was terminated from the Library in 1985. See Compl.; Pl. Exh. at 1-2; Pl. Opp. at 10-12. Regardless, even if Plaintiff had timely contacted the EEO office concerning her termination, which she did not, Plaintiff failed to file a timely complaint in this Court. Plaintiff's opposition admits that she was told by the EEO office and received notice in writing that she "had 90 days to file in court a civil action against the Library of Congress." Pl. Opp. at 5-6; see also 42 U.S.C. § 2000e-16(c). Accordingly, Plaintiff failed to

timely exhaust her claims and the instant complaint should be dismissed.

**II.     Plaintiff Has Failed To Meet Her Burden To Show Extraordinary Circumstances Justifying The Delay In This Case.**

As stated in Defendant's Motion, equitable tolling is available only in "extraordinary and carefully circumscribed instances." Smith-Haynie v. District of Columbia, 155 F. 3d 575, 579-80 (D.C. Cir. 1998); see also Mondy v. Secretary of the Army, 845 F. 2d 1051, 1057 (D.C. Cir. 1988).  A plaintiff will not be afforded extra time to file an administrative claim without exercising due diligence, and any excuse presented by the plaintiff must generally be more than a "garden variety claim of excusable neglect." Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990) (footnotes omitted); Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 151-52 (1984)("[p]rocedural requirements established by Congress . . . are not to be disregarded by courts out of a vague sympathy for particular litigants").

Plaintiff's opposition contends that equitable tolling is appropriate in this case "for medical reason's (sic) because of prescription drugs percoset, percodan, anaprox, and darvoset that was prescribe . . . for the job injury that [Plaintiff] sustain while working at the Library of Congress."  Pl. Opp. at 14.  Plaintiff states that for these reasons, "she should be allowed . . . to over ride [required time limits], because of the extraordinary circumstance."  Id.  Plaintiff's opposition also mentions that on an unidentified date, she "felt fear" after a particular statement from her EEO counselor suggested that she should "leave this case alone" and "get on with [her] life."  Pl. Opp. at 6-7.[4]  None of Plaintiff's reasons justify equitable tolling of the statutory

---

[4] According to Plaintiff, the statement was made in the context of the EEO counselor relaying his own difficult background and his success in turning his life around.  Pl. Opp. at 6. The counselor apparently encouraged Plaintiff to do the same.  Id.

-4-

period in this case. Plaintiff's failure to timely contact the EEOCO is due solely to her failure to exercise due diligence. Plaintiff waited more than twenty years before consulting with the Library's EEOCO knowing full well during the twenty year period that she had been terminated from the Library. Despite the generous reading afforded Plaintiff's complaint in light of her pro se status, this is not an extraordinary instance where Plaintiff ought to be given extra time in which to raise her claim of discrimination. See, e.g., Bayer, 956 F. 2d at 333. Because there is no justification for equitable tolling, Plaintiff's failure to timely exhaust administrative remedies results in dismissal of the complaint in its entirety.

**III.    To The Extent Plaintiff's Allegations Relate To The Processing Of Any Of Her Claims, Plaintiff Allegations Must Be Dismissed.**

Although it is somewhat unclear, to the extent that Plaintiff may be alleging that any of her claims were not processed properly, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's Complaint mentions, among other things, that she "felt fear" after speaking with an EEO counselor and that in 1984 and 1985 the EEO Office violated the Library's regulations concerning its investigation of, and reasons for ultimately rejecting, her complaint of discrimination based on race, color, and sexual harassment. Pl.Opp. at 7, 10-11, 19.

An alleged failure to process an EEO claim properly is not actionable under Title VII. Trout v. Lehman, 38 Fair Empl. Prac. Cas. (BNA) 1131 (D.D.C. 1983); see, e.g., Storey v. Rubin, 976 F. Supp. 1478, 1483-84 (N.D. Ga. 1997), aff'd, 144 F.3d 56 (11th Cir. 1998) (table); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036

(1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992). See also Anthony v. Bowen, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title VII where fees were incurred to challenge processing of EEO complaint), cert. denied, 489 U.S. 1011 (1989). Therefore, any allegation in Plaintiff's complaint concerning the processing of any of her EEO claims must be dismissed.

In conclusion, despite the generous reading that must be afforded to the Plaintiff's Complaint in light of her pro se status, Plaintiff's complaint is so bare that dismissal is warranted. See, e.g., Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984)(dismissing pro se plaintiff's proposed second amended complaint because its conclusory allegations were unsupported by any facts). Therefore, Defendant's Motion To Dismiss should be granted.

## CONCLUSION

Based on the foregoing reasons, and the reasons set forth in Defendant's Motion To Dismiss, Defendant's Motion should be granted and this matter should be dismissed with prejudice.

February 10, 2006                     Respectfully submitted,

                                      _/s/_____
                                      KENNETH L. WAINSTEIN, D.C. Bar #451058
                                      United States Attorney

      /s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

      /s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
202-514-7220

**CERTIFICATE OF SERVICE**

I certify that the foregoing **Reply In Support Of Defendant's Motion To Dismiss** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

**REGINA G. JACKSON**
**3010 Hewitt Avenue**
**Apt. # 275**
**Silver Spring, MD 20906**

on this  10th  day of February, 2006.

_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530